CUERVO v. LANDAUER et al.

(Circuit Court, S. D. New York. September 7, 1894.)

1. TRADE-MARK—INJUNCTION AGAINST INFRINGEMENT—INNOCENT INFRINGER.
   Injunction will not be refused because defendants bought boxes with infringing labels on them without knowing of the infringement.

2. SAME—DEFENSES.
   Injunction will not be refused because defendants have made no sales, where it appears that they bought for the purpose of selling, and would have done so but for complainant's suit.

3. SAME—ORIGIN OF COMPLAINANT'S OWNERSHIP.
   Injunction will not be refused because complainant was not the original designer or owner of the trade-mark, but succeeded to the rights of a firm which owned it.

This was a suit by G. Garcia Cuervo against Julius Landauer and others to enjoin the infringement of a trade-mark in certain cigar-box labels. Heard on motion for preliminary injunction.

Jones & Govin, for complainant.

Weed, Henry & Meyers, for defendants.

LACOMBE, Circuit Judge. This is an application to enjoin violation of complainant's trade-mark in certain labels for cigar boxes. That the alleged infringing labels are imitations of complainant's is self-evident upon inspection. In fact, so close is the resemblance that, in the absence of any affidavit by the designer of the labels found in defendants' possession, it may fairly be assumed that they were intentionally devised to simulate the complainant's labels, and thus confuse the identity of the goods sold under their cover. That defendants did not know that the labels, which they bought, as they aver, from a cigar-box maker, were infringements, is no reason for refusing the relief prayed for. The owner of a trade-mark is entitled to protection against ignorant as well as against malicious infringers. Nor is the fact that no actual sale is shown material. It is manifest on the papers that defendants bought the boxes thus labeled to sell with their cigars, and that, but for complainant's appeal to the courts, they would have offered them for sale. Nor is there any force in the defendants' contention that complainant is not the original designer and owner of the trade-mark. The cases cited, viz. Stachelberg v. Ponce, 23 Fed. 430; Medicine Co. v. Wood, 108 U. S. 218, 2 Sup. Ct. 436,—do not apply. In the case at bar, complainant, at the time of the adoption of the trade-mark, was the manager of the business, and continued in that position until 1872, when he became a partner in the firm, and continued as such partner with the original Manuel Garcia until 1878, when the latter retired from business, leaving complainant as sole proprietor thereof. Why these circumstances should deprive him of the protection of the courts when the trade-mark, which is a part of the assets of the business to which he succeeded, is infringed, it is difficult to perceive. See Fulton v. Sellers, 4 Brewst. 42. Preliminary injunction is continued until trial.